IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK ANTHONY DIAZ (SECURED PARTY), | ) ) | CIVIL NO. 16-00036 JMS-BMK |
| Plaintiff, | ) ) ) | ORDER: (1) DISMISSING FIRST AMENDED COMPLAINT WITH |
| vs. | ) ) ) | PREJUDICE; (2) DENYING PLAINTIFF'S SECOND MOTION FOR TEMPORARY RESTRAINING |
| JENNIFER GAURA, ET AL., | ) ) ) | ORDER; AND (3) DENYING SECOND IFP APPLICATION AS |
| Defendants. | ) ) | MOOT |
| _____ | ) | |

**ORDER: (1) DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE; (2) DENYING PLAINTIFF'S SECOND MOTION FOR TEMPORARY RESTRAINING ORDER; AND (3) DENYING SECOND IFP APPLICATION AS MOOT**

## I. INTRODUCTION

Before the court are Plaintiff "Mark Anthony Diaz (Secured Party)'s" ("Plaintiff") (1) "First Amended Complaint for Permanent Injunction and Other Relief" ("FAC"), Doc. No. 7; (2) second "Motion for Temporary Restraining Order and Preliminary Injunction Against Lock-Out," ("Second Motion for TRO"), Doc. No. 9; and (3) second Application to Proceed in District Court Without Prepaying Fees and Costs ("Second IFP Application"), Doc. No. 8. For the reasons discussed below, the FAC is DISMISSED with prejudice, the Second Motion for TRO is DENIED, and the IFP Application is DENIED as moot.

## II.  BACKGROUND

On January 28, 2016, Plaintiff filed a Complaint alleging violations of the Hawaii Custodial Trust Act, the Hawaii Residential Landlord Tenant Code, and the U.S. Constitution ("Freedom of movement under the Privileges and Immunities Clause"), and naming as Defendants (1) "Kevin House, Shayne House and Elizabeth House, individually and officially for DBA House's Home Investment LLC"; (2) "Jennifer Gaura and Hal Brown Individually and officially for Hawaiian Properties Management Ltd." ("HPM"); and (3) "Christopher Shea Goodwin Attorney."  Doc. No. 1, Compl. at 1.  Also on January 28, 2016, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees and Costs ("IFP Application"), Doc. No. 2, and a "Motion for Temporary Restraining Order and Preliminary Injunction Against Lock-Out" ("Motion for TRO").  Doc. No. 3.

This court determined that Plaintiff failed to establish subject matter jurisdiction, and therefore (1) denied the Motion for TRO, Doc. No. 5 ("Order Denying TRO"), (2) dismissed the Complaint with leave to amend, Doc. No. 6 ("Order Dismissing Complaint"), and (3) denied the IFP Application as moot.  *Id.* More specifically, the court explained that Plaintiff failed to establish subject matter jurisdiction based on diversity of citizenship because "at least one

2

Defendant -- attorney Christopher Goodwin -- has the *same* citizenship as

Plaintiff."  Order Denying TRO at 7-8;  *see also* Order Dismissing Complaint at 7.

The court further explained that Plaintiff failed to establish federal question

subject matter jurisdiction:

> [A]lthough the Complaint attempts to allege a violation
> of the U.S. Constitution, it is well-established that there
> is no cause of action for a civil rights violation unless a
> Defendant acts under "color of state law."  That is, there
> must be "state action."  This requirement "excludes . . .
> merely private conduct, no matter how discriminatory or
> wrongful."  Plaintiff has not alleged that any Defendant
> was a state actor, or acted under color of state law (and
> nothing in the Complaint could be construed as such).

Order Denying TRO at 8 (internal citations omitted); *see also* Order Dismissing

Complaint at 7-8.

On February 2, 2016, Plaintiff filed the instant FAC, Second Motion

for TRO, and Second IFP Application.  The FAC re-names only some of the initial

Defendants: (1) "Jennifer Gaura and Hal Brown Individually and officially for

[HPM]";[1] and (2) "Christopher Shea Goodwin Attorney."  FAC at 1.  And the

FAC asserts only federal question subject matter jurisdiction pursuant to 28 U.S.C.

---

[1]  The FAC names Gaura and Brown both "individually and officially for [HPM]" in its caption, and later states that "The defendant's (sic) [HPM] has locked me out of the building because of this matter[.]"  FAC ¶ 7.  The court thus interprets the FAC as naming HPM as a Defendant.

§ 1331.[2]

As alleged in the FAC, Plaintiff and unspecified family members are engaged in a dispute over Plaintiff's occupancy and possession of a residential unit in Hawaii, which is or has been owned by an unnamed trust for which Plaintiff is a trustee and director. *Id.* ¶¶ 2, 5. Plaintiff resides in the unit pursuant to a "lease agreement from the former owners." *Id.* ¶ 5. On "January 16, 2016," "former owners of my unit, family members arrived from California . . . and attempted to forcibly remove my family and I . . . from the property by . . . kicking the doors down, assault and battery . . . and making terroristic threats." *Id.* ¶ 6. By "impersonating the site manager," these family members had Plaintiff's "vehicle illegally towed." *Id.* Defendant HPM "locked [Plaintiff] out of the building . . . by deactivating [his] entry fob and garage key," *id.* ¶ 7, and, along with "Jennifer Gaura, et al.," has violated his movement by "ignoring . . . basic rights of passage into the building, vehicle towing[, and r]eporting [Plaintiff] as a trespasser, unauthorized to 3rd parties and other tenants." *Id.* ¶ 9. The FAC asserts one Count titled "Blocking Freedom of Movement," alleging that such conduct violated the Privileges and Immunities Clause in Article IV, Section 2 of the

---

[2] Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4

United States Constitution. *Id.* at 4. Plaintiff seeks damages, restitution, injunctive relief, and legal costs. *Id.* ¶ 11.

The Second Motion for TRO seeks virtually the same relief as the first -- to (1) enjoin "Defendants or its agents" from "locking out the plaintiff from the building, towing of personal vehicle and slandering to 3rd parties," Mot. at 2, and (2) an order requiring "defendants (sic) [HPM] to 'reactivate' plaintiffs' (sic) fob and garage entry keys to estoppel the blocking to 'freedom of movement' into his residence and property." *Id.*

### III.  <u>STANDARDS OF REVIEW</u>

**A.  Sua Sponte Dismissal for Lack of Subject Matter Jurisdiction**

The court may dismiss *sua sponte* a complaint for lack of subject matter jurisdiction. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) ("[I]nquiring whether the court has jurisdiction is a federal judge's first duty in every case."); Fed. R. Civ. P. 12(h)(3). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377. At the

pleading stage, Plaintiff must allege sufficient facts to show a proper basis for the court to assert subject matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1).

Because Plaintiff is proceeding pro se, the court liberally construes his pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000). A court may, however, deny leave to amend where further amendment would be futile. *See, e.g., Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment").

///

///

**B.      Temporary Restraining Order/Preliminary Injunction Standard**

A court may issue a TRO without written or oral notice to the adverse

party only if the party requesting the relief provides an affidavit or verified

complaint providing specific facts that "clearly show that immediate and

irreparable injury, loss, or damage will result to the movant before the adverse

party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  In addition, the

movant or his attorney must certify in writing "any efforts made to give notice and

the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1)(B).

Even if such notice is provided, a TRO may issue only if Plaintiffs

meet their burden under well-established factors.  The standard for issuing a

temporary restraining order is identical to the standard for issuing a preliminary

injunction.  *See, e.g.*, *Hawaii v. Gannett Pac. Corp.*, 99 F. Supp. 2d 1241, 1247

(D. Haw. 1999); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d

832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction

is "substantially identical" to an analysis of a temporary restraining order).

A preliminary injunction is an extraordinary and drastic remedy never

awarded as of right.  *Munaf v. Green*, 553 U.S. 674, 689-90 (2008) (citations

omitted).  A "plaintiff seeking a preliminary injunction must establish that he is

likely to succeed on the merits, that he is likely to suffer irreparable harm in the

absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *accord Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). *Winter* emphasizes that plaintiffs seeking preliminary relief must demonstrate that "irreparable injury is *likely* in the absence of an injunction." 555 U.S. at 22; *see also Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

## IV. **DISCUSSION**

Plaintiff once again fails to allege facts sufficient to show a proper basis for subject matter jurisdiction. *See McNutt*, 298 U.S. at 189; *see also Johnson*, 437 F.3d at 899. A Privileges and Immunity clause is found in both Article IV and the Fourteenth Amendment to the U.S. Constitution. Although the FAC asserts a violation only of the Article IV Privileges and Immunities Clause, construing the FAC liberally, the court addresses both clauses.

The Article IV Privileges and Immunities Clause provides that "[t]he Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." U.S. Const. art. IV, § 2, cl. 1. This clause "was designed to place the citizens of each State upon the same footing with citizens of other States, so far as the advantages resulting from citizenship in those States is concerned." *Supreme Court of Virginia v. Friedman*, 487 U.S. 59, 64 (1988); *see also Hague v. Comm. for Indus. Org.*, 307 U.S. 496, 511 (1939) ("[This clause], in effect, prevents a state from discriminating against citizens of other states in favor of its own."). Thus, "'[d]iscrimination on the basis of out-of-state residency is a necessary element for a claim under the Privileges and Immunities Clause.'" *Russell v. Hug*, 275 F.3d 812, 821 (9th Cir. 2002) (quoting *Giannini v. Real*, 911 F.2d 354, 357 (9th Cir. 1990)). And courts have construed the Article IV Privileges and Immunities Clause as a limitation of powers of the states as opposed to powers of the federal government. *See Hawes v. Club Ecuestre El Comandante, Etc.*, 535 F.2d 140, 145 (1st Cir. 1976).

The Privileges and Immunities Clause of the Fourteenth Amendment provides, in part, that "[n]o State shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States." U.S. Const. amend. XIV, § 1. "Because the [Fourteenth] Amendment is directed at the

9

States, it can be violated only by conduct that may be fairly characterized as 'state action.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).  In other words, this clause applies "only to action taken by states."  *Russell*, 275 F.3d at 821; *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he state-action requirement of the Fourteenth Amendment . . . excludes from its reach 'merely private conduct, no matter how disciminatory or wrongful.'"); *Nat'l Ass'n for the Advancement of Multijurisdiction Practice v. Berch*, 773 F.3d 1037, 1046 (9th Cir. 2014) ("The purpose of the Privilege and Immunities Clause is to prevent 'a state from discriminating against citizens of other states in favor of its own.'" (quoting *Hague*, 307 U.S. at 511).  Moreover, the Ninth Circuit has explained that Plaintiff cannot receive relief based upon the Fourteenth Amendment's Privileges or Immunities Clause "unless the claim depends on the right to travel" to become a resident of another state and receive benefits granted by that state to its citizens. *Merrifield v. Lockyer*, 547 F.3d 978, 984 (9th Cir. 2008) (citing *Slaughter House Cases*, 83 U.S. (16 Wall.) at 77); *see also Waugh v. Nev. State Bd. of Cosmetology*, 36 F. Supp. 3d 991, 1025 (D. Nev. 2014) (same).

Here, the FAC does not allege that (1) Plaintiff is an out-of-state citizen invoking the right to receive benefits otherwise provided to Hawaii citizens, (2) Plaintiff's citizenship had any bearing on the underlying dispute,

(3) Plaintiff's "freedom of movement" was infringed by the State of Hawaii, or

(4) any Defendant was a state actor, or acted under color of state law (and nothing

in the FAC could be construed as such).  In short, the facts do not give rise to any

cognizable claim under either Privileges and Immunities Clause.

      Plaintiff has twice attempted and failed to establish this court's

subject matter jurisdiction.  Given the substance of the underlying dispute, and the

allegations pled in both the Complaint and FAC, the court finds that Plaintiff

could not amend the FAC to allege federal subject matter jurisdiction.  Nor does it

appear that Plaintiff could assert diversity jurisdiction given that both he and at

least one Defendant[3] are citizens of Hawaii.   Further amendment would be futile.

Therefore, the FAC is DISMISSED with prejudice, and the IFP Application is

DENIED as moot.

      And because the court lacks subject matter jurisdiction over this

action, it necessarily is powerless to grant the Second Motion for TRO -- at

minimum, there is no likelihood of success.  *See, e.g.*, *Hookano v. Capitol One*

*Auto Fin. Inc.*, 2009 WL 4510123, at *1 (E.D. Cal. Nov. 25, 2009) (denying

motion for temporary restraining order where court lacked subject matter

---

[3] And although the FAC does not assert the citizenship of HPM, its name and type of business strongly suggest that it, too, would be a Hawaii citizen.

11

jurisdiction); *Church of Scientology of Cal. v. United States*, 920 F.2d 1481, 1484 (9th Cir. 1990) (upholding denial of injunctive relief that was based on lack of subject matter jurisdiction).  Moreover, there is no evidence that Plaintiff served the FAC and Second Motion for TRO on Defendants, or that he "certifie[d] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).  Thus, even if the court had subject matter jurisdiction, Plaintiff has again failed to meet the requirements for granting a TRO without notice.  *See* Fed. R. Civ. P. 65(b)(1).  Accordingly, the Second Motion for TRO is DENIED.

## V.  CONCLUSION

For the foregoing reasons, the First Amended Complaint is DISMISSED with prejudice, and both the IFP Application and Second Motion for

///

///

///

///

///

///

///

12

TRO are DENIED.  The Clerk of Court is instructed to close this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 3, 2016.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Diaz v. Gaura, et al.*, Civ. No. 16-00036 JMS-BMK, Order: (1) Dismissing First Amended Complaint with Prejudice; (2) Denying Plaintiff's Second Motion for Temporary Restraining Order; and (3) Denying Second IFP Application as Moot